The opinion of the court was delivered by
Gibson, J.
This case presents for consideration, the construction of the agreement entered into by the clerk of the plaintiff below; and also whether under circumstances which happened subsequently, it became obligatory on the parties. As to the first, the particular form of the receipt, as it now stands, with the words “in full17 scored out, is such as to involve the actual meaning of the parties in obscurity. For what reason the objection to these words was made, it is difficult to conjecture; but as the goods had been purchased from the plaintiff, and were to be returned to him, it is fair, in the absence of evidence to the contrary, to presume that they were to be returned at the original prices: otherwise the transaction would hot have been a return of the goods, but a re-sale. If a re-sale had been intended, the prices would have been fixed in the agreement; or if the object had been á consignment to the plaintiff, to have thé goods sold at auction, and the defendant’s account credited with- the proceeds, it is reasonable to presume that it would have beén so expressed. The agreement then was, that the goods should be returned, and the original contract of sale pro tanto rescinded. ’ . ,
There was no evidence that the authority of the clerk extended to transactions of this sort, but he undoubtedly was. an authorized agent for some purposes; and I- take it to be indisputable, that a principal who neglects promptly to disavow an act of his agent, by- which the latter has transcended his authority, makes the act his own. He is bound to disavow it the first moment the fact comes to his knowledge.. Now, the arrangement in' question was made on the 20th of August, 1S16, and the first intimation which the defendant seems to have had of the plaintiff’s intention to dis-affirm it, is found in the plaintiff’s letter of the 22d of November following, at the expiration of nearly three months. When the goods were received by the plaintiff does not appear; but it is a reasonable presumption of fact, in the absence of proof by the plaintiff to the contrary, that the clerk kept him regularly informed of all his transactions. At the period of the plaintiff’s first letter, therefore, it was too late to object. The plaintiff had made the goods his own; and .what followed could not change a state of things which had-been consummated by the acquiescence of -all parties. A merchant is entitled to an answer to every bona fide proposition made to his correspondent in the usual course of their dealings; but the plaintiff had no right to treat the goods as the property of the defendant, and the latter was therefore not bound to reply to *31 any demand in respect of them. The court then undoubtedly erred in directing the jury, that on the facts in evidence the plaintiff had a right to sell the-goods at auction as the property of the defendant, and recover the difference. The material inquiry for the jury was, whether the act of the clerk had been disavowed as soon as the.plaintiff was apprized of it: if not, it became conclusive. On this ground, the cause must go to another jury.
Judgment reversed, and a venire facias de novo awarded.